UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
***********************************
ELAINE L. CHAO, Secretary of Labor,    *
 United States Department of Labor,    *
                                       *
              Plaintiff,               *
                                       *      CIVIL ACTION
        v.                             *
                                       *      FILE NO.
CARLETON REED,                         *
                                       *
              Defendant.               *
***********************************
```

## COMPLAINT

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and is brought to obtain equitable relief, to redress violations, to obtain restitution from employee benefit plan fiduciaries and parties in interest, and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

(3) Venue of this action lies in the District of Massachusetts pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

(4) Total Manufacturing Sources, Inc. ("Total Manufacturing" or "the company") was, during the period from April 1, 2001 to March 9, 2004 ("the pertinent period"), an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and had been a corporation having an office and

place of business at 35 Railroad Street, Slatersville, Rhode Island. Carleton Reed ("Reed"), President and majority shareholder of Total Manufacturing, was and is residing at 4 Wagon Wheel Road, North Attleboro, MA, within the jurisdication of this Court.

(5) Total Manufacturing established, on January 1, 1998, the Total Manufacturing Sources, Inc. Retirement Plan ("the Plan"), an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and which is covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).

(6) The purpose of the Plan was to provide retirement benefits for the exclusive benefit of its participants, employees of Total Manufacturing, and their beneficiaries.

(7) During the pertinent period, Total Manufacturing had been the sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i). It also acted as Plan Administrator for the Plan, and as such, was a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Furthermore, at all times relevant hereto, Total Manufacturing was a named fiduciary pursuant to ERISA § 402(a)(2), 29 U.S.C. § 1102(a)(2), and a party in interest within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

Total Manufacturing ceased operations on or about March 9, 2004, and was placed in receivership.

(8) During the pertinent period, Carleton Reed effectively functioned as the Plan Administrator on behalf of the company and otherwise exercised discretionary authority or responsibility in the administration of the Plan, and as such had been a fiduciary with respect to the Plan ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Furthermore, at all times relevant hereto, Reed had been a party in interest within the meaning of ERISA § 3(14)(A) and (H), 29 U.S.C. § 1002(14)(A) and (H).

(9)  According to Plan documents, the Plan was to be funded by withheld employee contributions determined by participant election in amounts ranging up to 15% of the participant's compensation per pay period. During the pertinent period, the contributions withheld on behalf of each Plan participant became assets of the Plan by operation of 29 C.F.R. § 2510.3-102.

(10)  During the pertinent period, Defendant Reed failed to ensure that Total Manufacturing forwarded withheld employee contributions in a timely manner. Employee contributions for the month of April 2001, totaling $2,624.25 (with interest), were not remitted to the Plan until July 2002. Subsequent withheld employee contributions were not remitted to the Plan at all. To date, withheld employee contributions totaling $12,729.11, plus interest, are due and owing to the Plan.

(11)  According to Plan documents, the Plan was also to be funded by employer matching contributions. During the pertinent period, Total Manufacturing was to make contributions to, and to forward said contributions to, the Plan in an amount of $0.25 for each dollar of an employee's contribution, but not to exceed 10% of the employee's contribution.

(12)  During the pertinent period, Plan documents required Total Manufacturing to pay employer matching contributions due each year no later than the last extension date for filing its income tax return for the fiscal year -- that is, June 15 of each year.

(13)  Defendant Reed failed to ensure that Total Manufacturing forwarded all employer matching contributions due for Plan Years ending December 31, 2001 and 2002; said contributions were to have been forwarded no later than June 15, 2002 and June 15, 2003, respectively. To date, employer matching contributions totaling $2,791.38, plus interest, are due and owing to the Plan.

(14) From June 15, 2002 to the present, insufficient measures were undertaken by Reed to ensure that Total Manufacturing, as Named Fiduciary and Plan Administrator, collected all or part of the employer contributions due and owing to the Plan.

(15) From June 15, 2002 to the present, no measures were undertaken by Defendant Reed to ensure that Total Manufacturing, as Named Fiduciary and Plan Administrator, collected accrued interest due arising from the the company's failure to forward the contributions due.

(16) As a result of the conduct set forth at paragraphs 10, 13, 14 and 15, Defendant Reed failed to discharge his fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

(17) As a result of the conduct set forth at paragraphs 10, 13, 14 and 15, Defendant Reed failed to discharge his fiduciary duties with care, skill, prudence and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

(18) As a result of the conduct set forth at paragraphs 10, 13, 14 and 15, Defendant Reed failed to act in accordance with Plan documents, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

(19) As a result of the conduct set forth at paragraph 10, Defendant Reed participated in transactions which he knew or should have known constituted direct or indirect transfers of assets of the Plan to, or use by or for the benefit of, a party in interest, and dealt with the assets of the Plan in his own interest or for his own account, in violation of ERISA §§ 406(a)(1)(D) and 406(b)(1), 29 U.S.C. §§ 1106(a)(1)(D) and 1106(b)(1).

(20) As a result of the conduct set forth at paragraph 14, Defendant Reed engaged in prohibited transactions by causing or permitting what he knew or should have known constituted an

4

extension of credit between the Plan and the company, a party in interest, in violation of ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B).

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Permanently enjoining Defendant Reed from violating, or knowingly participating in violations of, the provisions of ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106.

(2) Permanently enjoining Defendant Reed from serving as a fiduciary to the Plan or any other employee benefit plan covered by ERISA;

(3) Requiring Defendant Reed to undo the prohibited transactions in which he engaged and to restore to the Plan any and all losses incurred as a result of breaches of his fiduciary duties and the violations he committed or for which he is liable, with appropriate interest;

(4) Awarding to Plaintiff the costs of this action, and other relief as is equitable and just.

Michael J. Sullivan, U.S. Attorney
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
One Courthouse Way
Boston, MA  02210

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

_____
Gail E. Glick
Attorney
Mass. Bar # 552442

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA  02203

5

TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: _____