UNITED STATES DISTRICT COURT

04-11947 NG

FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO, Secretary of Labor,        *
  United States Department of Labor,        *   MAGISTRATE JUDGE _____
                                            *
             Plaintiff,                     *
                                            *   CIVIL ACTION
       v.                                   *
                                            *   FILE NO.
                                            *
  CARLETON REED,                            *
                                            *
             Defendant.                     *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

RECEIPT # _____
AMOUNT $ N/A
SUMMONS ISSUED yes
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE ___

CONSENT JUDGMENT AND ORDER

Defendant Carleton Reed ("Reed"), and Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor, have agreed to resolve all matters in controversy in this action (not including the imposition by Plaintiff of any penalty pursuant to ERISA Section 502(l), 29 U.S.C. Section 1132(l), and any proceedings related thereto), and said parties do now consent to the entry of a Judgment and Order by this Court in accordance therewith.

Defendant Reed has waived the requirements of Rule 4, Federal Rules of Civil Procedure, as to service of summons, and has acknowledged receipt of Plaintiff's Complaint. By consenting to this Order, Defendant has admitted to the jurisdiction of this Court over him and over the subject matter of this action.

Now therefore, by consent of the parties hereto,

1

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendant is permanently enjoined from violating ERISA Sections 404 and 406, 29 U.S.C. Sections 1104 and 1106.

2. Defendant Reed is permanently enjoined from serving in any future fiduciary capacity to any employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. Section 1002(3), except as necessary in order to effectuate the provisions of this Consent Judgment and Order.

3. On or before September 1, 2004, Defendant Reed shall pay to the Total Manufacturing Sources, Inc. Retirement Plan ("the Plan") the amount of $750.00 as partial payment of $18,415.54, the total principal amount to be paid to the Plan. Defendant Reed shall pay the remaining balance of the total due, plus 2.07% interest, compounded monthly, on any outstanding balance, in accordance with the installment schedule set forth below:

| Date | Amount |
|---|---|
| October 1, 2004 | $750.00 |
| November 1, 2004 | $750.00 |
| December 1, 2004 | $750.00 |
| January 1, 2005 | $1,500.00 |
| February 1, 2005 | $1,500.00 |
| March 1, 2005 | $1,500.00 |
| April 1, 2005 | $1,500.00 |
| May 1, 2005 | $1,500.00 |
| June 1, 2005 | $1,500.00 |
| July 1, 2005 | $1,500.00 |
| August 1, 2005 | $1,500.00 |
| September 1, 2005 | $1,500.00 |

| | |
|---|---|
| October 1, 2005 | $1,500.00 |
| November 1, 2005 | $ 415.54  plus all accrued interest |

Defendant may accelerate his payments to the Plan without incurring any prepayment penalty.

Defendant shall ensure that the plan participants receive their share consistent with their entitlements to these contributions, plus a pro rata share of the interest accrued.  Upon completion of said payments and allocations, Defendant shall have the Plan terminated and ensure that all assets of the Plan are properly distributed to participants.

4. Within thirty (30) days of completing payment in full, Defendant shall submit a written report to Plaintiff setting forth evidence of compliance with paragraph 3 of this Consent Judgment and Order, including a full accounting of the proceeds allocated to the participants' accounts to the following address:

> James M Benages, Regional Director
> Employee Benefit Security Administration
> U.S. Department of Labor, J.F. Kennedy Federal Building, Room 575
> Boston, MA  02203

5. The Department of Labor will assess a penalty pursuant to ERISA § 502(l) of 20% of the "applicable recovery amount" as defined in ERISA § 502, which "applicable recovery amount" in this case shall be the full amount paid to the Plan pursuant to this Consent Judgment and Order.  Defendant agrees to pay said penalty as directed by the assessment letter, except to the extent that he is granted a waiver based on § 502(l)(3)(B) in the Secretary's sole discretion.

6. Each party shall bear its own fees and expenses with respect to this action.

7. The Court shall retain jurisdiction of this matter for purposes of enforcing this Consent Judgment and Order.

8. Nothing in this Judgment is binding on any governmental agency other than the United States Department of Labor.

IT IS SO ORDERED THIS 27 day of September, 2004.

_____
United States District Judge

Consented to by:

For the Plaintiff, Elaine L. Chao, Secretary of Labor:

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

_____    5-13-04
Gail E. Glick                       Dated
Trial Attorney, Mass Bar No. 552442

U.S. Department of Labor
Office of the Solicitor
John F. Kennedy Federal Building
Room E-375
Boston, MA 02203
TEL: 617-565-2500

For the Defendant:

_____    8/05/04
Carleton Reed                       Dated

4